IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 23-cv-03110-PAB-TPO

LORI CHACON,

     Plaintiff,

v.

STATE BOARD FOR COMMUNITY COLLEGE AND
OCCUPATIONAL EDUCATION,

     Defendant.

_____

**ORDER**

_____

This matter comes before the Court on the Recommendation of United States

Magistrate Judge Timothy P. O'Hara [Docket No. 80], regarding Defendant's Motion for

Summary Judgment.  Docket No. 57.  Plaintiff Lori Chacon and defendant State Board

for Community College and Occupational Education filed objections.  Docket Nos. 83,

84.  Defendant and plaintiff filed responses.  Docket Nos. 85, 86-1.

I.    **UNDISPUTED FACTS**

The undisputed facts of this case are set forth in the magistrate judge's

recommendation.  Docket No. 80 at 3-9.[1]  Because plaintiff did not admit or deny

defendant's Statement of Undisputed Material Facts, the recommendation adopted

defendant's Statement of Undisputed Facts.  *Id.* at 3.  The recommendation noted that

plaintiff includes a section in her response titled "Additional Genuine Disputed Material

_____

[1] Upon review of the parties' briefing, the Court also agrees that these facts are
undisputed.

Facts – Disputed Facts and Plaintiff's Evidence." *Id.* at 9.  In this section, plaintiff "lists some factual statements and references some exhibits." *Id.*  "[T]o the limited extent that Defendant admits these facts," the recommendation considered them as undisputed. *Id.*  Plaintiff also includes a section titled "Statement of Facts" that the recommendation notes is "unnumbered and lacks any citations to record evidence." *Id.*  Finally, the recommendation notes that plaintiff includes a section titled "Genuine Disputes of Material Fact Exist Regarding Discrimination," which the magistrate judge "takes to be a section of mixed fact and argument." *Id.*  The magistrate judge "considers Plaintiff's exhibit submissions despite any procedural or formatting flaws with them, including those that the Court received separately that were previously not legible." *Id.*

Plaintiff objects to the recommendation's finding of undisputed facts.  *See* Docket No. 84 at 2-3.  She argues that the recommendation improperly deemed these facts admitted due to "formatting deficiencies" in plaintiff's response and "failed to fully consider Plaintiff's evidentiary submissions." *Id.* at 2.

Not only does plaintiff fail to specifically admit or deny defendant's Statement of Undisputed Material Facts, plaintiff's "Genuine Disputes of Material Fact" also fail to dispute defendant's statement of facts because they are not supported by evidence. *See* Docket No. 64 at 4-7.  While plaintiff does cite some exhibits in support of her statement of facts, such as "Ex. T" or "Ex. U," the Court cannot determine whether such exhibits provide support because plaintiff does not label her exhibits by letter.  *See id.*; *see* Docket No. 65-1.  Even if plaintiff's assertions were supported by evidence, the Court finds that they do not dispute defendant's statement of undisputed facts.

Pursuant to this Court's Practice Standards, a party opposing a motion for summary judgment must adhere to the following:

> iv. Any party opposing the motion for summary judgment shall, in a section of the brief required by Rule 56.1(a) of the United States District Court for the District of Colorado Local Rules of Practice (Civil) styled "Response to Statement of Undisputed Material Facts," admit or deny the asserted material facts set forth by the movant.  The admission or denial shall be made in separate paragraphs numbered to correspond to movant's paragraph numbering.  Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial.

> v. If the party opposing the motion believes that there exist additional disputed questions of fact which it has not adequately addressed in the submissions it has made pursuant to subparagraph (iv) above (for example, disputed fact concerning an affirmative defense), the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed.  Similarly, if the party opposing the motion believes that there exist additional undisputed facts, the party shall, in a separate section of the party's brief styled "Statement of Additional Undisputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material undisputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is undisputed.

*See* Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.F.3.b.iv-v.  By failing to adhere to the Court's Practice Standards, plaintiff "fails to properly address" defendant's "assertion of fact as required by Rule 56(c)."  *See* Fed. R. Civ. P. 56(e).  Thus, the Court is permitted to "consider the fact[s] undisputed for purposes of the motion."  *See* Fed. R. Civ. P. 56(e)(2).  A pro se litigant is not excused from complying with the Court's Practice Standards and the Federal Rules of Civil Procedure.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("this court

has repeatedly insisted that pro se parties follow the same rules of procedure that
govern other litigants") (alteration and citation omitted).  Furthermore, as the
recommendation notes, "it remains Plaintiff's burden to show genuine disputes of
material fact that preclude the entry of summary judgment based on evidence that could
be admissible at trial" and the Court will not "take on the responsibility of serving as [her]
attorney in constructing arguments and searching the record."  *See* Docket No. 80 at 9
(citing *Foti v. Bernalillo Cnty.*, 2015 WL 1640445, at *1 (D.N.M. Mar. 30, 2015)).

Accordingly, the Court will overrule plaintiff's objection to the undisputed facts.
*See* Docket No. 84 at 2-3.  The Court will adopt the recommendation's Statement of
Undisputed Material Facts.  *See* Docket No. 80 at 3-8.  The Court will only discuss the
facts as necessary to resolve the parties' objections.

## II.    LEGAL STANDARDS

### A. <u>Objections to the Magistrate Judge Recommendations</u>

The Court must "determine de novo any part of the magistrate judge's disposition
that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if
it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121
E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection
"enables the district judge to focus attention on those issues – factual and legal – that
are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's
recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927
F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It
does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiff is proceeding pro se, the Court will construe her objections and pleadings liberally without serving as her advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.  Motion for Summary Judgment

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim.  *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III.    ANALYSIS

Plaintiff's remaining claims are brought pursuant to Title VII, 42 U.S.C. § 2000e et seq., on the basis of national origin discrimination. *See* Docket No. 1 at 3. The recommendation relies on plaintiff's complaint, Docket No. 1, and Charge of Discrimination, Docket No. 67-13 at 9, to "determine the contours of Plaintiff's Title VII claims." Docket No. 80 at 2. The parties do not object to the recommendation's statement of plaintiff's claims. The Court agrees that plaintiff's Title VII cause of action consists of the following claims:

(1) Failure to Promote on August 12, 2021.

(2) "[O]ngoing discrimination," which led to Plaintiff's resignation on August 16,
2021 (General Discrimination and Constructive Discharge);

(3) Retaliation for complaining about her supervisor since 2014;

(4) The failure to announce open positions and/or hiring of less qualified white
applicants (Terms and Conditions).

*See id.*

The magistrate judge recommends granting summary judgment on Claim 1.  *Id.*
at 26.  Although the recommendation finds that plaintiff has demonstrated a prima face
case of discrimination, *see id.* at 21, plaintiff "fails to show Defendant's legitimate, non-
discriminatory reason to be pretext."  *Id.* at 26.

The magistrate judge also recommends granting summary judgment on Claim 2.
*Id.* at 36.  The recommendation finds that it "cannot be reasonably inferred from the
evidence and argument submitted by Plaintiff that she faced a dilemma between
intolerably adverse work conditions or quitting."  *Id.* at 34.  The recommendation finds
that plaintiff fails to "create an inference that her voluntary resignation could be
considered a constructive discharge."  *Id.* at 36.

On Claim 3, the recommendation "finds that Plaintiff has demonstrated a
sufficient factual basis under the *McDonnell Douglas* framework by which a jury could
find that retaliation was the reason why she was not promoted to the HR Technical
Manager Position."  *Id*. at 33-34.  Thus, the magistrate judge recommends denying
summary judgment on Claim 3.

The recommendation interprets Claim 4 to be "one of disparate treatment based
on unequal terms and conditions."  *Id.* at 14.  Specifically, plaintiff alleges that "she was
discriminated against by having to apply for the position of HR Technical Manager

rather than receiving the promotion without an application process." *See id.* at 15.  The magistrate judge recommends entering summary judgment on Claim 4 because plaintiff fails to show an adverse employment action.  *See id.* at 15-18.  The recommendation also finds that, even if plaintiff did suffer an adverse action, she fails to demonstrate circumstances that give rise to an inference of discrimination.  *See id.* at 18-20.

The Court will first address defendant's objection to the recommendation that defendant's motion for summary judgment be denied as to Claim 3.  The Court will then turn to plaintiff's objections to the recommendation that summary judgment be granted as to Claims 1, 2, and 4.

### A. <u>Defendant's Objection to Denial of Summary Judgment as to Claim 3</u>

Defendant objects to the denial of summary judgment as to Claim 3, plaintiff's retaliation claim.  *See* Docket No. 83 at 1.  Title VII forbids retaliation against an employee because she has "opposed" any practice made unlawful by Title VII or because she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  Where there is no direct evidence, the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to retaliation claims brought under Title VII.  *Singh v. Cordle*, 936 F.3d 1022, 1042 (10th Cir. 2019).  Under this analysis, a plaintiff must first make a *prima facie* case of retaliation.  *Id.*  To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) that she engaged in "protected opposition to discrimination;" (2) she suffered a "materially adverse" action; and (3) a "causal connection" existed between the protected activity and the materially adverse action.  *Id.*; *see also Reznik v. inContact, Inc.*, 18 F.4th 1257,

1260 (10th Cir. 2021). If the plaintiff successfully establishes a prima facie case, the defendant must offer a legitimate, non-retaliatory reason for the adverse action. *See Metzler v. Federal Home Loan Bank of Topeka,* 464 F.3d 1164, 1170 (10th Cir. 2006) ("The plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual.").

In recommending the denial summary judgment as to Claim 3, the recommendation finds that plaintiff's email to her supervisor, Patty Davies, dated July 12, 2021 "is an example of protected opposition just one month before Defendant's decision to deny her promotion." Docket No. 80 at 29.[2]  In the email, plaintiff complained of a "pay difference" between her position and a co-worker's position. *See* Docket No. 79-3 at 1. Plaintiff stated that she did "not understand," given her experience and education, how her co-worker could receive a $14,000 raise while plaintiff did not. *See id.* Plaintiff also stated:

> You expressed to me on several occasions that you were going to upgrade my position to the HR Technical Manager then later said you were posting the position for 2 weeks and it will be open to everyone, yet, you posted the HR Benefits position for 3 days and opened it to only CCD employees knowing the only CCD employees who were qualified for that job were Camille, myself (was the HR benefits person and did not like it) and Cathy (PERA retiree).

> I loved my job and working at CCD, but now I feel I have been treated very unfairly whether it be due to my health issues, race or some other issue that is differently not warranted.

---

[2] The recommendation finds that plaintiff "does not really challenge Defendant's stated reason for her failure to be promoted, i.e., that Mr. Miller performed better than she did during the interviews." *See* Docket No. 80 at 30. However, the recommendation does consider the July 12 email in considering whether plaintiff has shown pretext. *See id.* at 32. Thus, the July 12 email is relevant as to whether plaintiff carries her burden to show that defendant's legitimate, non-discriminatory reason was pretext.

*Id.*.  Due to the timing of the July 12 email and the adverse action, the recommendation finds a "sufficient basis by which a jury could find this letter to constitute protected activity and a causal connection between it and not being chosen for the H.R. Technical Manager position."  Docket No. 80 at 30.

Defendant objects to the recommendation's characterization of the July 12 email as protected opposition to discrimination.  *See* Docket No. 83 at 3-5.  Defendant argues that plaintiff "never identified the July 12 email as protected opposition forming the basis of her retaliation claims"; "did not raise this communication in her Complaint"; and, in response to defendant's interrogatory that requested information on "any and all complaints made by you concerning harassment and discrimination based on race, to Defendant's personnel," listed five complaints, but the July 12 email was not one of them.  Docket No. 83 at 4 (citing Docket No. 57-10 at 9-10).  Defendant claims that plaintiff's "first reference in this litigation to the July 12 email appeared in her Sur-reply in Opposition to Defendant's Motion for Summary Judgment," *id.*; however, plaintiff "did not characterize the email as protected opposition," but rather "framed it as evidence to support her allegation that she was not properly compensated for taking on additional work duties."  *See id.* at 4-5.  In summary, defendant contends that it "did not address evidence of Plaintiff's July 12 email in its Motion for Summary Judgment because Plaintiff had not alleged it was an example of protected opposition forming the basis of her retaliation claim."  *See id.* at 5.

The July 12 email was part of a 72-page document containing multiple exhibits that plaintiff submitted in support of her response to defendant's motion for summary judgment.  *See* Docket No. 65-1 at 18.  While the cover sheet to the 72-page document

10

listed exhibits lettered A through V, *see* Docket No. 65 at 1-2, the exhibits themselves

are not labeled by letters.  *See generally* Docket No. 65-1.  On February 19, 2026, the

magistrate judge entered a Minute Order noting that several of the documents

submitted by plaintiff, including the July 12 email, were illegible.  *See* Docket No. 79.

Upon request of the magistrate judge, plaintiff emailed legible copies of the exhibits.

*See id.*  The magistrate judge docketed the legible copies, with the legible copy of the

July 12 email being located at Docket No. 79-3.  *See id.*

Plaintiff first referred to the July 12 email in her sur-reply, *see* Docket No. 70 at 2,

which the magistrate judge gave her leave to file.  *See* Docket No. 69.  Plaintiff attached

a copy of the July 12 email to her sur-reply.  *See* Docket No. 70-3.  In her sur-reply,

plaintiff argues that she was "already performing the full scope of Technical Manager

duties as of January 2021, but was not compensated until May 2021, and only after

complaining to Davies."  Docket No. 70 at 2.  Plaintiff maintains that the "July 12, 2021

email titled 'My Position' demonstrates this complaint."  *Id.*  Plaintiff contends that this

email "also expressed concerns of being treated unfairly in comparison to similarly

situated white colleagues, including disparities in pay and promotions."  *Id.*  Defendant

filed a response to the sur-reply.  *See* Docket No. 71.[3]

As defendant notes, plaintiff did not identify the July 12 email as opposition to

discrimination in her interrogatory responses.  *See* Docket No. 57-10 at 9-10.  Pursuant

to Fed. R. Civ. P. 26(e), a party is required to supplement or correct her discovery

response when she learns that her response "in some material respect" is "incomplete

---

[3] Plaintiff also filed a sur-sur-reply, *see* Docket No. 72, which the magistrate
judge did not give leave to file.  Nevertheless, the magistrate judge considered the sur-
sur-reply in making his recommendation.  *See* Docket No. 80 at 1 n.1.

or incorrect" and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Failure to do so can result in exclusion of the evidence pursuant to Fed. R. Civ. P. 37. *See Persian Gulf Inc. v. BP W. Coast Prods. LLC,* 632 F. Supp. 3d 1108, 1132 (S.D. Cal. 2022). However, defendants must "show that they were unfairly prejudiced by the violation." *See Thomas v. Ragland*, 324 F. Supp. 2d 950, 966 (W.D. Wis. 2004). The Court finds that defendant did not suffer prejudice. Plaintiff discussed the July 12 email in her sur-reply and attached it as an exhibit, *see* Docket No. 70 at 2; Docket No. 70-3, and defendant responded. *See* Docket No. 71. The sur-reply stated that, in the July 12 email, plaintiff "expressed concerns of being treated unfairly in comparison to similarly situated white colleagues, including disparities in pay and promotions." Docket No. 70 at 2. Defendant gave no indication that it was unaware of the July 2021 email in its response to plaintiff's sur-reply. *See* Docket No. 71 at 4. And while it is understandable that defendant did not address the July 12 email in its summary judgment motion, defendant does not claim that it could not fully address the July 12 email in its response to the sur-reply. Thus, given that defendant has shown no prejudice, the Court finds the magistrate judge did not err in considering the July 12 email.

Defendant next argues that, even if the July 12 email was protected opposition, that the recommendation "errs by concluding this evidence sufficiently establishes a question of fact as to a causal relationship with the Technical Manager hiring decision." *See* Docket No. 83 at 5. Defendant contends that plaintiff's history of receiving promotions, despite her prior complaints, with no adverse actions shows that it is

implausible the Technical Manager hiring decision was caused by the July 12 email.
*See id.* at 5-7.

In support of its argument, defendant cites a timeline of plaintiff's complaints that are not in defendant's Statement of Undisputed Material Facts. *See id.* at 5-6. The Court will not consider facts that were not properly asserted in defendant's statement of facts. *See* Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.F.3.b.i-iii. Even if the Court were to consider such facts, plaintiff's prior history of complaints without adverse action does not make it "implausible" that Ms. Davies did not retaliate against plaintiff after she received the July 12 email. As the recommendation notes, the one-month passage of time between the July 12 email and the Technical Manager hiring decision is enough for plaintiff to meet her prima facie burden to show causation. *See* Docket No. 80 at 29-30. "[A] one and one-half month period between protected activity and adverse action may, by itself, establish causation*." Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). Accordingly, the Court finds that plaintiff has met her prima facie burden.

Turning to the issue of pretext, defendant argues that the recommendation "discounts important circumstances surrounding the hiring decision," including that Ms. Davies helped to prepare plaintiff for the Technical Manager application process and that Shana Stovall, Assistant HR Director, also determined that the person selected for the Technical Manager position was better qualified than plaintiff. *See* Docket No. 83 at 7. Furthermore, defendants argue that the recommendation erred by finding that "retaliatory motive could be inferred from Ms. Davies' alleged post-hiring decision statement." *Id.* at 9.

The recommendation considered Ms. Davies' assistance in preparing plaintiff, specifically noting that it was undisputed that Ms. Davies encouraged plaintiff to apply for the Technical Manager position, Ms. Davies gave plaintiff feedback on her application, and that Ms. Davies drafted the Technical Manager position's qualifications with plaintiff's experience in mind.  *See* Docket No. 80 at 32 (citing Docket No. 57 at 4, ¶ 28).  It is true that Ms. Davies being supportive of plaintiff getting the Technical Manager position could support a finding that defendant did have a legitimate, non-retaliatory reason for not promoting plaintiff (i.e., there was a better qualified candidate).  However, regarding plaintiff's burden to show pretext, the "critical question" is "whether a reasonable factfinder could rationally find the employer's rationale unworthy of credence and hence infer that the employer did not act for the asserted non-retaliatory reasons."  *See Walkingstick Dixon v. Okla. ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1337 (10th Cir. 2025) (quoting *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1234 (10th Cir. 2015)).  The fact that Ms. Davies was supportive of plaintiff getting the Technical Manager position, up until plaintiff sent the July 2021 email, could lead a reasonable factfinder to conclude that defendant's reason for not promoting plaintiff was pretextual.

Turning to the relevance of Ms. Stovall's determination, it is undisputed that both Ms. Davies and Ms. Stovall interviewed plaintiff, assisted in selecting the Technical Manager, and found that plaintiff was less qualified than the person ultimately hired. *See* Docket No. 57 at 4, 5, ¶¶ 32, 35.  The Seventh Circuit has held that, where the plaintiff has claimed only some of the relevant decisionmakers are biased, to show pretext, the plaintiff must come forward with evidence showing that such bias influenced

14

the other decisionmakers.  *See Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.,*

986 F.3d 711, 722 (7th Cir. 2021) (holding that plaintiff failed to show pretext where

"[n]othing in the record evidences that [the biased interview committee member] steered

the interview committee away from [plaintiff]; the record supports the claim that

committee members independently reached their decision").  In *Bekkem v. Wilkie*, 915

F.3d 1258, 1269 (10th Cir. 2019), the Tenth Circuit considered plaintiff's argument that

a jury could find pretext regarding defendant's decision not to give plaintiff a pay

increase because plaintiff's "supervisor demonstrated bias towards women by allegedly

selecting male physicians over female physicians for positions of authority and later

expressing dissatisfaction with Plaintiff's filing of an EEO complaint."  Not only did

*Bekkem* hold that plaintiff failed to link her supervisor's discriminatory statements to the

pay increase decision, the court also held that "it was the compensation panel and the

regional director, not Plaintiff's supervisor, who decided not to increase her market pay"

and that "Plaintiff has presented no evidence – nor has she even argued or alleged –

that the compensation panel or regional director held any discriminatory animus, and

she has likewise presented no evidence that her supervisor affected their decision to

follow the VA's guidelines for market pay increases during the pay freeze."  *Id.* at 1270.

Here, plaintiff has failed to provide evidence demonstrating that Ms. Stovall held

a desire to retaliate against plaintiff or that Ms. Davies' alleged bias influenced Ms.

Stovall's decision.  The only evidence plaintiff produces concerns Ms. Davies' post-

interview comment.  The recommendation finds that plaintiff shows pretext based on an

interaction plaintiff and Ms. Davies had following plaintiff's interview, which plaintiff

discussed in her deposition.  *See* Docket No. 80 at 31 (citing Docket No. 57-2 at

15

212:25-216:14).  Plaintiff claims that, after her interview, she joined a Zoom call with Ms. Stovall and Ms. Davies.  *See id.*  During the call, Ms. Stovall and Ms. Davies informed plaintiff she did not receive the promotion.  *Id.*  After the Zoom call ended, Ms. Davies called plaintiff on the telephone.  *Id.*  During the call, plaintiff asked Ms. Davies, "[h]ow did this happen?  You know, you said that was my job."  *Id.*  Ms. Davies responded, "you can't threaten people and – and expect something good."  *Id.*  Although Ms. Davies denies making this statement, *id.* (citing Docket No. 57-5 at 5, ¶ 37), the Court agrees with the recommendation that plaintiff has raised a genuine dispute of material fact whether Ms. Davies made this statement.

Setting aside defendant's argument that the recommendation improperly considered Ms. Davies' "threaten people" comment, the Court finds that the comment does not create a genuine issue of material fact that Ms. Davies' alleged retaliatory motive affected Ms. Stovall's determination.  Plaintiff offers no evidence, or even argument, that Ms. Stovall's decision was influenced by Ms. Davies or would have been different had plaintiff not sent Ms. Davies the July 12 email.  While it is true that had Mr. Davies voted in favor of plaintiff's hiring and Ms. Stovall had not, there would have been a tie vote, with Ms. Davies being Ms. Stovall's boss.[4]  But plaintiff does not make this argument and it is speculative for the Court to guess what would have happened if the vote regarding plaintiff had been tied.  *Cf. Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1214 n.3 (10th Cir. 2010) (holding that plaintiff failed to establish pretext, in part, based on a "suspicious" comment by a member of the voting committee because "whatever

---

[4] Ms. Davies was the Executive Director of HR and Ms. Stovall was the Assistant Director.  Docket No. 57 at 2, 3, ¶¶ 10, 22.

16

[the committee member's] reasons for her vote may have been they could have had no impact on the County's ultimate hiring decision").  Plaintiff could have deposed Ms. Stovall or asked Ms. Davies in a deposition what would have happened in a tie vote, but she offers no such facts.  A reasonable jury could not conclude that defendant's determination that plaintiff was the less qualified candidate was pretext where both interview panelists, one of whom plaintiff does not claim held a retaliatory motive, decided that the person ultimately hired was more qualified.  Thus, the Court finds that plaintiff has failed to carry her burden of showing that defendant's legitimate, non-discriminatory reason not to select her for the position was pretext.

Accordingly, the Court will sustain defendant's objection and will grant defendant's motion for summary judgment as to Claim 3.

### B.  Plaintiff's Objection to the Grant Summary Judgment for Defendant on Claim 1

Plaintiff objects to the denial of Claim 1, plaintiff's claim that she was not promoted to Technical Manager due to her national origin.  Docket No. 84 at 5.  The recommendation finds that, while plaintiff establishes a prima facie case under the *McDonnell Douglas* framework, she fails to raise a genuine dispute that defendant's reason for not promoting her was pretext because plaintiff "fails to provide any real evidence, other than conclusory statements, that she was, in fact, demonstrably the better candidate."  *See* Docket No. 80 at 25.

The Court agrees with the recommendation that plaintiff fails to establish pretext. "[T]o suggest that an employer's claim that it hired someone else because of superior qualifications is pretext for discrimination rather than an honestly (even if mistakenly) held belief, a plaintiff must come forward with facts showing an overwhelming disparity

in qualifications." *Johnson*, 594 F.3d at 1211 (internal quotations and citation omitted).

Plaintiff's objection, which notes her experience working in HR, her performing functions

of the Technical Manger in her prior role, and the qualifications of the Technical Manger

being drafted with plaintiff in mind, *see* Docket No. 84 at 5, does not show an

overwhelming disparity between qualifications. It is undisputed that Ms. Davies and Ms.

Stovall found that the ultimately-hired candidate was more qualified due to this

"demonstrated preparation for the interviews, data analysis and presentation skills, and

his superior supervisory experience." Docket No. 57 at 5, ¶ 35. Plaintiff does not

address these qualifications and thus fails to show that she was overwhelmingly more

qualified than the candidate that was hired. Accordingly, the Court will overrule

plaintiff's objection and grant defendant's motion for summary judgment as to Claim 1.

### C. **Plaintiff's Objection to the Grant of Summary Judgment as to Claim 2**

Plaintiff objects to the magistrate judge's recommendation that the Court grant

summary judgment for defendant as to Claim 2, plaintiff's constructive discharge claim.

Docket No. 84 at 6-7. The recommendation finds that it "cannot be reasonably inferred

from the evidence and argument submitted by Plaintiff that she faced a dilemma

between intolerably adverse work conditions or quitting." Docket No. 80 at 34. Rather,

the recommendation finds that "the undisputed evidence supports that Plaintiff decided

to quit because she did not receive the promotion, not because of any discriminatory

behavior by Defendant." *Id.* at 35.

Under Title VII, constructive discharge "occurs when the employer by its illegal

discriminatory acts has made working conditions so difficult that a reasonable person in

the employee's position would feel compelled to resign." *Bennett v. Windstream*

*Commc'ns, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015) (quoting *Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 534 (10th Cir. 1998)).  "To establish constructive discharge, a plaintiff must show that 'she had no other choice but to quit.'"  *Id.* (quoting *Sandoval v. City of Boulder, Colo.,* 388 F.3d 1312, 1325 (10th Cir. 2004)).  A plaintiff's "subjective views of the situation are irrelevant, and she must instead show the conditions of employment were objectively intolerable."  *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1318 (10th Cir. 2017) (citation, quotation, and alterations omitted).  "If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged."  *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 761 (10th Cir. 2020) (citation omitted).

The Court agrees with the recommendation's finding that no reasonable jury could conclude that plaintiff's working conditions were so intolerable that a reasonable person would feel compelled to resign.  It is undisputed that plaintiff did not resign due to discriminatory work conditions, but rather because she did not receive the Technical Manager position.  Docket No. 52 at 5, ¶ 36.  Moreover, "[t]he Tenth Circuit has held that a denial of promotion, even if discriminatory, does not necessarily establish a reasonable person would have felt compelled to resign."  *Weber v. Bd. of Trs. of Univ. of N. Colo. Univ. of N. Colo.*, No. 24-cv-03314-PAB-STV, 2025 WL 2530692, at *5 (D. Colo. Sept. 3, 2025) (internal quotation and citation omitted).  The fact that plaintiff gave two-weeks notice before leaving also shows that she did not consider her work conditions intolerable.

Plaintiff's objection cites "repeated unfair treatment by Ms. Davies," her prior opposition to discrimination, assignments of additional duties without compensation, Ms.

19

Davies' post-interview statement, and her inability to continue working after losing computer access as evidence that "could allow a jury to find Plaintiff's working conditions became intolerable." Docket No. 84 at 7. Setting aside the lack of evidentiary support for plaintiff's arguments, it is undisputed that plaintiff continued to work for defendant despite "unfair treatment," having to file complaints, and being assigned additional duties without additional compensation and that it was only when she was denied the promotion that she resigned. *See* Docket No. 52 at 5, ¶ 36. Because plaintiff resigned of her own free will, even it was due to defendant's decision not to promote her, she cannot bring a constructive discharge claim. *See Rivero*, 950 F.3d at 761.[5] Accordingly, the Court will overrule plaintiff's objection and grant defendant's motion for summary judgment as to Claim 2.

### D. Plaintiff's Objection to Grant of Summary Judgment as to Claim 4

Plaintiff objects to the magistrate judge's recommendation that the Court grant summary judgment for defendant as to Claim 4, plaintiff's Title VII disparate treatment claim based on equal terms and conditions of employment. *See* Docket No. 84 at 3-4. Plaintiff claims that she was treated disparately because she had to apply for the Technical Manager role. *See* Docket No. 80 at 15. Where, as here, the plaintiff alleges that she was discriminated against with respect to the terms or conditions of her employment, the plaintiff must "show some harm respecting an identifiable term or condition of employment." *See Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 355-56

---

[5] Plaintiff argues that her losing computer access at some point following her notice of resignation supports her constructive discharge claim. Docket No. 84 at 7. Plaintiff does not explain the relevance of this post-resignation fact or whether the loss of computer access was tied to discriminatory acts by defendant.

(2024). "The 'terms or conditions' phrase is not used in the narrow contractual sense; it covers more than the economic or tangible." *See id.* at 347 (internal quotations, alterations, and citation omitted). Generally, to establish a *prima facie* case of disparate treatment, a plaintiff must show that (1) she "belongs to a protected class;" (2) she suffered an "adverse employment action;" and (3) the adverse employment action occurred under circumstances giving "rise to an inference of discrimination." *Ibrahim v. All. for Sustainable Energy, LLC*, 994 F.3d 1193, 1196 (10th Cir. 2021). A plaintiff's burden at the *prima facie* stage is "not onerous." *Bennett*, 792 F.3d at 1267 (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).

The magistrate judge recommends granting summary judgment because, even if plaintiff did suffer an adverse action, she fails to raise an inference of discrimination from defendant's decision to have plaintiff interview for the role. *See* Docket No. 80 at 18. Plaintiff objects, arguing that she has presented "circumstantial evidence" but cites arguments that lack support from the evidence. *See* Docket No. 84 at 4-5. For instance, plaintiff states that "Patty Davies previously promoted white employees without a true competitive process" and cites the entirety of the 72-page document that is attached to her response to defendant's motion for summary judgment. *See id.* at 2. Plaintiff does not explain how this document, primarily consisting of emails and text messages, supports her assertion. *See* Docket No. 65-1. For the reasons discussed regarding plaintiff's first objection, the Court will not consider facts that are asserted in this way. To the extent that plaintiff's reference to Ms. Davies' "race-related remark" concerns Ms. Davies' alleged statement that it was "good thing" plaintiff "looked white though she was Hispanic," such a statement is also insufficient to raise an inference of

discrimination.   *See* Docket No. 84 at 3-4.  Setting aside that this fact was not properly

asserted in plaintiff's statement of facts, "stray remarks, and isolated or ambiguous

comments are too abstract" to support a finding of discrimination.  *See Wagoner v.

Pfizer, Inc.*, 391 F. App'x 701, 708 (10th Cir. 2010) (unpublished) (internal quotations

and citation omitted).  Plaintiff's argument that an inference of discrimination is raised by

plaintiff's complaints of unfair treatment and racial discrimination, while perhaps relevant

to her retaliation claim, does not address the issue of whether defendant made plaintiff

interview for the role because of her national origin.  *See* Docket No. 84 at 2-3; *see

Hurde v. Jobs Plus-Med,* 299 F. Supp. 2d 1196, 1210-11 (D. Kan. 2004) (although

evidence that defendant withdrew its offer of employment only after plaintiff had

complained of discrimination "is sufficient to establish a prima facie case of retaliation, it

is insufficient by itself to create an inference that [defendant] withdrew its employment

offer because of plaintiff's race") (internal citation omitted).  Plaintiff's remaining

evidence, such as plaintiff having to perform "higher-level work" before the Technical

Manager position was posted and the fact that a "white male outsider was hired," are

not relevant to plaintiff's claim that defendant forced her to apply for the position based

on her race.  *See* Docket No. 84- at 4-5.  The white, male candidate that was hired also

had to apply for the role, *see* Docket No. 57 at 5, ¶ 35, and as the recommendation

notes, plaintiff fails to provide evidence of similarly-situated individuals who did not have

to apply for promotions.  *See* Docket No. 80 at 18-19.  In summary, the Court finds that

defendant has met its burden to show that plaintiff has failed to raise an inference of

discrimination regarding defendant's decision to have plaintiff apply for the Technical Manager role.  Accordingly, the Court will overrule plaintiff's objection.[6]

### E.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.[7]

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Timothy P. O'Hara [Docket No. 80] is **ACCEPTED in part and REJECTED in part**.  It is further

**ORDERED** that Defendant's Objections to Magistrate Judge's Recommendation [Docket No. 83] are **SUSTAINED in part and OVERRULED in part**.  It is further

**ORDERED** that Plaintiff's Objections to the Magistrate Judge's Recommendation [Docket No. 84] are **OVERRULED**.  It is further

---

[6] Because the Court finds that plaintiff fails to raise an inference of discrimination, the Court does not consider plaintiff's objection that she has demonstrated an adverse action.  See Docket No. 84 at 3-4.

[7] In her objection, plaintiff argues that the "Recommendation found sufficient evidence of retaliation but treated that same evidence as largely irrelevant to discrimination."  Docket No. 84 at 6.  The Court will not consider this objection because it is not sufficiently specific.  Plaintiff does not explain what evidence the recommendation treated "as largely irrelevant" and thus fails to direct the Court's attention to the legal and factual issues being challenged.  See One Parcel, 73 F.3d t 1059; see also Barnes v. Omnicell, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024) (affirming district court's conclusion that plaintiff's "objections were not sufficiently specific to focus the district court's attention on the legal and factual issues because he failed to identify the parts of the recommendation that contained the alleged lies").

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 57] is

**GRANTED**.  It is further

**ORDERED** that Claims 1, 2, 3, and 4 are **DISMISSED with prejudice**.  It is

further

**ORDERED** that this case is closed.

DATED March 31, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

24